Filed 10/30/23  In re J.B. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E081657 |
| Plaintiff and Respondent, | (Super.Ct.No. DPIN2200015) |
| v. | OPINION |
| A.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Natalie M. Lough, Judge.  Conditionally reversed and remanded with directions.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Gregory P. Priamos, County Counsel, and Larisa R-McKenna, Deputy County Counsel, for Plaintiff and Respondent.

1

A.B. (Mother) is the mother of 16-month-old J.B. Mother appealed from a judgment terminating her parental rights as to the child. (Welf. & Inst. Code,[1] § 366.26.) Mother filed an opening brief contending that the Riverside County Department of Public Social Services (the Department) and the juvenile court failed to adequately comply with the inquiry requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.; Cal. Rules of Court, rule 5.480 et seq.) On October 19, 2023, the parties filed a joint application and stipulation for a conditional reversal of judgment and remand. After our own careful review of the entire record, we conclude that the Department and the juvenile court did fail to adequately comply with the inquiry requirements of ICWA, and we reverse and remand with directions.

FACTUAL AND PROCEDURAL HISTORY

The child was placed in protective custody in July 2022 at 27 days' old, after Mother brought him to a hospital stating he was not breathing, and medical findings showed the child had two bilateral subdural hematomas and bruising and scratches on his body. Mother denied the child was shaken and noted that she lived with M.J. (Father) and a paternal uncle. Mother later disclosed Father being rough with the child and expressed her concerns to the paternal grandmother about Father "'man handling'" the child. After Father was arrested, Mother moved in with the paternal grandmother. The social worker spoke with the paternal grandmother but did not inquire whether the family had Native American ancestry.

---

[1] All future statutory references are to the Welfare and Institutions Code.

2

A dependency petition on behalf of the child was filed on July 20, 2022, pursuant to section 300, subdivisions (a) (serious physical harm), (b)(1) (failure to protect), (e) (severe physical abuse of child under five years of age), and (g) (no provision for support). Both parents denied Native American ancestry orally and through signed ICWA-020 Parental Notification of Indian Status (ICWA-020) forms. The Department reported that an ICWA inquiry of the parents gave them no reason to believe the child was an Indian child.

The detention hearing was held on July 21, 2022. Mother, Father, the maternal grandparents, and a maternal great-aunt were present. The juvenile court noted that it had Mother and Father's signed ICWA-020 forms and informed the parents that if they heard anything about having Native American heritage through a relative, they needed to share that information with the Department. The court formally detained the child from parental custody and found the Department had conducted a sufficient ICWA inquiry and that ICWA did not apply. Although the court informed the parents that they were required to disclose any Native American heritage, the court did not personally inquire of the parents or the maternal relatives present in court if they had Native American ancestry.

Both parents again denied Native American ancestry in August 2022. The Department reported that ICWA did not apply. At an August 23, 2022, hearing, the parents, the maternal grandparents, the paternal grandmother, and the paternal aunt were

present.  However, no ICWA inquiry was conducted of these relatives by the juvenile court.

The Department had contact information for the maternal grandparents, the paternal grandmother, the paternal aunt, and the maternal great-aunt.  The Department spoke with the maternal grandfather, the paternal grandmother, and the maternal great-aunt as to placement of the child, but there is no indication in the record that an ICWA inquiry was conducted of these relatives.  The Department was also aware that Mother had an older brother and older sister.  Father did not want the child placed with the maternal grandparents or Mother, but instead with the paternal grandmother, the paternal aunt, a paternal great-uncle, or a paternal cousin.

The contested jurisdictional/dispositional hearing was held on November 8, 2022. The parents, the maternal grandmother, the maternal aunt, the paternal grandmother, and the paternal aunt were present in court.  The maternal grandfather and paternal cousins were also present but were excluded from the courtroom.  The juvenile court did not question these relatives as to their Native American ancestry.  The court found true the allegations in the petition, declared the child a dependent of the court, denied the parents reunification services, and set a section 366.26 hearing.  The court also found the Department had conducted a sufficient ICWA inquiry, and that ICWA did not apply.

The juvenile court again found that ICWA did not apply at a de facto parent hearing on March 8, 2003.

4

On May 24, 2023, Father reported having no Native American ancestry on his side of the family. On June 15, 2023, Mother also reported having no Native American ancestry on her side of the family. The Department reported that it had received no new information to indicate ICWA applies to the proceedings. The child remained in a medically fragile foster home with caregivers who desired to adopt him.

Mother and Father were present at the contested section 366.26 hearing held June 27, 2023. The juvenile court found the child was adoptable and terminated parental rights. Mother timely appealed.

## STIPULATION

A stipulated reversal under Code of Civil Procedure section 128, subdivision (a)(8), is permissible in a dependency case when the parties agree that reversible error occurred, and the stipulated reversal will expedite the final resolution of the case on the merits. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 380-382.) In the stipulation, the parties agree that the juvenile court erred under section 224.2, subdivision (c), when it failed to inquire of the maternal grandparents, the maternal great-aunt, the paternal grandmother, and the paternal aunt who were present in court on July 21, 2022, and August 23, 2022, as to their Native American ancestry, that substantial evidence did not support the juvenile court's findings that ICWA did not apply, and that a conditional reversal of the judgment is appropriate with directions to the juvenile court to make a proper ICWA inquiry.

The juvenile court and the department have an "'affirmative and continuing duty to inquire' whether a child . . . 'is or may be an Indian child.' (§ 224.2, subd. (a).) The duty to inquire consists of two phases—the duty of initial inquiry and the duty of further inquiry." (*In re Ricky R.* (2022) 82 Cal.App.5th 671, 678.) The duty of initial inquiry applies in every dependency proceeding. (*In re Austin J.* (2020) 47 Cal.App.5th 870, 883-884.) Federal regulations require state courts to ask each participant "at the commencement" of a child custody proceeding "whether the participant knows or has reason to know that the child is an Indian child." (25 C.F.R. § 23.107(a) (2023).) State law requires the court to pursue an inquiry "[a]t the first appearance in court of each party" by asking "each participant present in the hearing whether the participant knows or has reason to know that the child is an Indian child." (§ 224.2, subd. (c).) In addition, when the Department takes a child into temporary custody, the agency must ask "the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child," and the reporting party whether the child is or may be an Indian child. (§ 224.2, subd. (b).) Extended family members include adults who are the child's stepparents, grandparents, siblings, brothers- or sisters-in-law, aunts, uncles, nieces, nephews, and first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).)

Here, the parties agree that the juvenile court failed to inquire of the maternal grandparents, the maternal great-aunt, the paternal grandmother, and the paternal aunt who were present in court on July 21, 2022, and August 23, 2022. It also appears that the juvenile court failed to personally inquire of the parents at the detention hearing and the

6

parents and maternal and paternal relatives at the November 8, 2022, hearing. The record also shows that the Department failed to inquire of the maternal and paternal uncles. A conditional reversal is therefore appropriate given the Department's and juvenile court's failure to inquire of the known relatives concerning their Native American ancestry. (See e.g., *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744; *In re A.B.* (2008) 164 Cal.App.4th 832, 839.) Although only Mother appealed, the order terminating parental rights must be conditionally reversed as to Mother and Father. (*In re Mary G.* (2007) 151 Cal.App.4th 184, 208.)

### DISPOSITION

The order terminating parental rights is conditionally reversed as to both parents. On remand, the juvenile court shall inquire of the parents and the known relatives (§ 224.2, subd. (c)) as noted above and order the Department to comply with the duty of initial inquiry (§ 224.2, subd. (b)) of the paternal and maternal relatives and, if applicable, the duty of further inquiry (§ 224.2, subd. (e)) and the duty to provide notice to the pertinent tribes (25 U.S.C. § 1912(a); § 224.3). If the court determines that ICWA does not apply—either (1) because the court and the Department have conducted a sufficient inquiry of the parents and the maternal and paternal relatives, and there is no reason to believe the children are Indian children, or (2) because the Department's inquiry reveals reason to know they are Indian children, notice was sent to the pertinent tribes, and the tribes' responses show that they are not Indian children or there is no response—then the juvenile court is directed to reinstate all previous findings and the order terminating

7

parental rights.  If the juvenile court determines that ICWA applies, the court is directed to conduct a new section 366.26 hearing in conformity with the provisions of ICWA and related California law.

Pursuant to the parties' stipulation, the clerk of this court is directed to issue the remittitur immediately.  (Cal. Rules of Court, rule 8.272(c)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
J.

We concur:

McKINSTER_____
         Acting P. J.

RAPHAEL_____
         J.